IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 27, 2004 Session

# KENNETH LAMAR HOPKINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 245908   Rebecca Stern, Judge**

_____

**No. E2004-00774-CCA-R3-PC - Filed January 31, 2005**

_____

The petitioner, Kenneth Lamar Hopkins, pled guilty to one charge of misdemeanor assault.  He received a suspended sentence of eleven months, twenty-nine days.  Subsequently, the petitioner filed a petition for post-conviction relief, alleging that: (1) his guilty plea was not knowingly and voluntarily entered; (2) his waiver of right to counsel was not knowing or voluntary; (3) his guilty plea violated due process; and (4) the district attorney general promised him that his parole would not be violated as a result of his guilty plea.  After a post-conviction hearing, the post-conviction court denied the petition.  The petitioner appeals, arguing that: (1) the post-conviction court erred when it allowed the inclusion of the expected testimony of the assistant district attorney as a stipulation at the post-conviction hearing; (2) the post-conviction court erred "when it sustained the contentions of the state in violation of the missing witness rule;" and (3) the post-conviction court's actions violated the petitioner's due process rights.  For the following reasons, we affirm the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Kenneth Lamar Hopkins.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; Bill Cox, District Attorney General, and Dave Denny, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On August 14, 2002, the petitioner was arrested for the misdemeanor assault of his girlfriend, Quinita Stengal. The petitioner pled guilty in General Sessions court to assault as charged and received an agreed-upon suspended sentence of eleven months, twenty-nine days. The petitioner waived his right to counsel and proceeded pro se during the proceedings in General Sessions Court. At the time he was charged with assault, the petitioner was on parole after having served four years of a ten-year sentence for possession of cocaine with intent to sell.

On August 20, 2003, the petitioner filed a pro se "Petition for Relief from Conviction or Sentence." As a ground for relief, the petitioner claimed that his guilty plea was involuntarily entered because he did not understand the nature and consequence of his plea. Further, the petitioner argued "that his guilty plea was obtained in violation of due process," that his waiver of the right to counsel was not voluntary, knowing, and intelligent "because he was not advised of the dangers and disadvantages of self-representation," and that the district attorney general had promised him "that he would not be violated on parole for pleading guilty" and that "[w]ithout such a promise, . . . [he] would not have waived counsel nor pled guilty to the charge." The trial court appointed counsel for the petitioner in the post-conviction proceedings.

Post-Conviction Hearing

At the hearing on the post-conviction petition, the petitioner testified that when he appeared in General Sessions Court, the assistant district attorney general, Mr. John Lee:

> [S]tated to me that my parole would not be violated if I accept[ed] a plea of - misdemeanor plea of assault. He also said that I wouldn't need an attorney. So I had refused the eleven twenty-nine due to me being on parole. I told him I can't accept no [sic] plea.
>
> So what he said was, just wait a few minutes, he went out and talked to several other people and came back and stated that if I didn't take the eleven twenty-nine, that I was looking at three to five. By me being a convicted felon, that they would seek the max of five years and I will be violated.

The petitioner admitted on cross-examination that he signed the waiver of right to counsel and the plea agreement, but claimed that he did not read either document prior to signing them. He testified

that had the district attorney general told him that his parole was going to be violated, he would not have pled guilty.

The post-conviction court also heard testimony from Quinita Stengal, the victim. She testified that she was present in General Sessions Court the day of the plea hearing and that the district attorney "called . . . [her] to the side" where she told him that she did not want to press charges, because she and the petitioner share a daughter and the petitioner "has been a great father in helping with . . . [their] daughter." Ms. Stengal remembered that the assistant district attorney told the petitioner "if he did accept the plea that it shouldn't revoke his parole."

Assistant District Attorney General John Lee did not appear at the post-conviction hearing. Counsel for the State at the post-conviction hearing explained:

> There is only one additional piece of proof that the State will be putting in and that is a stipulation of expected testimony. John Lee is, of course, the assistant involved in the matter. He is out for the Christmas holidays and won't be back till the first of the year. But we would simply be entering a stipulation of expected testimony that it is not the policy of Sessions Court Assistants to advise defendants on the ramifications on parole when they enter guilty pleas. In other words, the State Assistants don't make promises to defendants about what's going to happen in State parole revocation hearings because we have no control over the outcome of parole revocation hearings and how parole would be interpreted by those officials in the State because they are certainly not under our control.

The petitioner's counsel did not object to the stipulation. At the conclusion of the evidence, the post-conviction court denied the petition, finding:

> [B]ased on the evidence here, this was a knowing and voluntary plea, that he had been advised of what his rights were and just because he may have made a bad decision in this case that ended in consequences he didn't care for, doesn't change things.

On appeal, the petitioner challenges: (1) the inclusion of the stipulation at the post-conviction hearing as hearsay and in violation of the missing witness rule; and (2) the trial court's actions as violating his right to due process of law.

Post-Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138,

147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Further, "questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, the post-conviction court's credibility determinations are conclusive on appeal unless the evidence preponderates against them.

## Analysis

On appeal, the petitioner complains that the post-conviction court erred in permitting the prosecutor to enter a stipulation of the expected testimony of John Lee, the assistant district attorney who represented the State during the petitioner's plea hearing. He argues that the post-conviction court erred in allowing the attorney for the State to "testify" at the post-conviction hearing as to the "expected testimony" of the assistant district attorney because the "testimony" was hearsay. The petitioner also argues that the trial court erred by giving weight to the "expected testimony" in violation of the missing witness rule. The petitioner argues that the cumulative effect of the errors with regard to the stipulated testimony violated his "due process rights to a fair hearing."[1] The State argues that the post-conviction court properly considered the stipulation of expected testimony as evidence and that the evidence does not preponderate against the decision of the post-conviction court.

At the post-conviction hearing, without objection from the petitioner, the assistant district attorney offered a stipulation of expected testimony of Mr. Lee that "the State Assistants don't make promises to defendants about what's going to happen in state parole revocation hearings . . . ." After failing to object to the stipulation, the petitioner later claimed at the post-conviction hearing that the stipulation "was not that of General Lee, that was the stipulated testimony of . . . [the State's attorney at the post-conviction hearing] that the DA's office has a policy that they don't make promises, anything relative to the parole board."

In a post-conviction proceeding, the post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). The petitioner failed to produce Assistant District Attorney John Lee for testimony and failed to object to the inclusion of the stipulation. The petitioner offered his own testimony and that of his girlfriend, Quinita Stengal, to rebut the stipulation, and commented on the absence of Mr. Lee attempting to convince the post-conviction court that the unanswered testimony of the petitioner and his girlfriend were true. On appeal, the petitioner takes a different position, arguing that the post-conviction court erred in allowing the stipulation. A petitioner cannot change theories from a trial court to an appellate court. See State v. Alder, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Further, the petitioner admits that neither he nor the State took the proper action to produce Mr. Lee as a witness.

---

[1] The petitioner does not renew his argument on appeal that his plea was not knowing or voluntary.

By failing to identify and object to the introduction of the stipulated testimony, the petitioner has waived this issue. <u>See</u> Tenn. R. App. P. 36(a) (stating that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error").

Furthermore, implicit in the post-conviction court's denial of the petition was a finding that the court accredited the stipulated testimony of Mr. Lee and discredited the testimony of the petitioner and his girlfriend as to the events surrounding the plea. As stated previously "questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." <u>Odom</u>, 928 S.W.2d at 23. We cannot conclude that the evidence preponderates against the post-conviction court's credibility determinations. This issue has no merit.

We also find no merit to the petitioner's argument that he was denied a fair hearing. Due process requires that petitioners be provided "an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." <u>Burford v. State</u>, 845 S.W.2d 204 (Tenn. 1992). There is no proof in the record that the petitioner was prohibited from presenting witnesses on his behalf. Based upon our review of the record, it is clear that the petitioner was extended an ample opportunity to present his arguments and evidence in the evidentiary hearing. <u>See</u> <u>House v. State</u>, 911 S.W.2d 705, 711 (Tenn. 1995). This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

 

_____

JERRY L. SMITH, JUDGE